Filed 6/4/15  P. v. Dollar CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL LESLIE DOLLAR,<br><br>Defendant and Appellant. | C076426<br><br>(Super. Ct. No. CM038932) |

Defendant Michael Leslie Dollar pleaded no contest to voluntary manslaughter of his 16-month-old son (Pen. Code, § 192, subd. (a))[1] and was sentenced to 11 years in state prison. At the time of sentencing, the trial court issued a criminal protective order pursuant to section 136.2 prohibiting defendant from contacting the victim's mother and half siblings for a period of 10 years.

---

[1] Undesignated statutory references are to the Penal Code.

1

Defendant's sole contention on appeal is that the trial court lacked authority to impose the protective order.  The People concede the error.  We agree that the protective order was issued in error as the court lacked authority to impose it.  Accordingly, we will order the protective order stricken.

## BACKGROUND

On November 11, 2010, Oroville Police officers were dispatched to the Oroville Medical Center regarding Deagan Jackson, a 16-month-old toddler who had sustained "severe head trauma," including "multiple skull fractures, subdural hematoma, and brain swelling."  Upon arrival, officers encountered Deagan's mother, Sabrina, who was visibly upset and concerned for her child.  Sabrina explained that she had full custody of her son, but the child had been visiting his father, defendant, at the time he was injured.

Officers also met with defendant, who was "calm and relaxed" and had an "odor of marijuana emit[ing] from [his] person."  Officers observed defendant talking on the phone in the hospital waiting room and "laughing several times during the conversation."

Deagan was transported by life flight to the UC Davis Medical Center, where he died.  An autopsy determined that Deagan died from "craniocerebral injuries, due to massive blunt force trauma to the head."

On August 7, 2013, an information was filed charging defendant with one count of assault on a child causing death.  (§ 273ab, subd. (a); count 1.)  On January 22, 2014, the information was amended to add one count of voluntary manslaughter.  (§ 192, subd. (a); count 2.)  That same day, defendant entered a plea of no contest to count 2, and count 1 was dismissed on the People's motion.

On March 26, 2014, the trial court denied probation and sentenced defendant to state prison for the upper term of 11 years.  At the time of sentencing, the trial court also imposed a protective order prohibiting defendant from having any contact with Deagan's mother, Sabrina, and his two half siblings, M. and K., for a period of 10 years.  The protective order was made pursuant to Judicial Council form CR-160 (rev. Jan. 1, 2009),

2

which refers to sections 136.2, 1203.097, subd. (a)(2), 273.5, subd. (i), and 646.9, subd. (k) in its title. The trial court did not mark any of the boxes indicating the statutory authority for the order. However, the trial court's minute order of the sentencing hearing, and the trial judge's comments from the bench, indicate that the protective order was entered pursuant to section 136.2.

Defendant filed a timely notice of appeal.

## DISCUSSION

On appeal, defendant contends, and the People concede, that the protective order was unauthorized and must be stricken. We agree with the parties.

Section 136.2 primarily authorizes trial courts to issue *prejudgment* restraining orders to protect victims and witnesses during the pendency of the criminal action in which they are issued. (*People v. Ponce* (2009) 173 Cal.App.4th 378, 383; *People v. Stone* (2004) 123 Cal.App.4th 153, 159.) Effective January 1, 2012, however, a new subdivision, subdivision (i), was added to section 136.2. In 2014, when defendant was sentenced, section 136.2 required trial courts to consider the issuance of *postjudgment* protective orders "[i]n all cases in which a criminal defendant has been convicted of a crime of domestic violence as defined in Section 13700 . . . ." (§ 136.2, subd. (i)(1).) "Domestic violence" is defined in section 13700 as "abuse committed against . . . a spouse, former spouse, cohabitant, former cohabitant, or person with whom the suspect has had a child or is having or has had a dating or engagement relationship." (§ 13700, subd. (b).) "Abuse" is defined as "intentionally or recklessly causing or attempting to cause bodily injury, or placing another person in reasonable apprehension of imminent serious bodily injury to himself or herself, or another." (§ 13700, subd. (a).)

Here, defendant was convicted by plea of voluntary manslaughter of 16-month-old Deagan Jackson. Deagan was defendant's son, not "a spouse, former spouse, cohabitant, former cohabitant, or person with whom [defendant] has had a child or is having or has had a dating or engagement relationship." Therefore, defendant was not convicted of a

3

crime of domestic violence within the meaning of section 13700, and the protective order pursuant to section 136.2, subdivision (i)(1) was unauthorized.

## DISPOSITION

The judgment is modified to strike the protective order; as modified, the judgment is affirmed. The trial court shall prepare an amended abstract of judgment reflecting this modification and forward a certified copy of the amended abstract to the Department of Corrections and Rehabilitation.

          RAYE          , P. J.

We concur:

        DUARTE        , J.

        HOCH         , J.

4